UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**CENTRAL OIL & SUPPLY CORP**            **CASE NO. 3:21-CV-03285**

**VERSUS**                               **JUDGE TERRY A. DOUGHTY**

**CARTER ET AL**                         **MAG. JUDGE KAYLA D. MCCLUSKY**

**MEMORANDUM RULING**

Before the Court is a Motion for Summary Judgment [Doc. No. 15] filed by Defendants Frances Carter ("Frances") and Ro Carter ("Ro"), (collectively "the Carters"). The Motion is unopposed.

For the reasons set forth herein, the Carter's Motion for Summary Judgment is **GRANTED**.

**I.   BACKGROUND**

On August 9, 2021, Central Oil & Supply Corporation ("Central Oil") filed a Petition against the Carters in the Fourth Judicial District Court, Parish of Ouachita, Civil Case No. C-20212380. The suit was removed to this Court on September 13, 2021, on the basis of diversity jurisdiction. In its Petition, Central Oil alleged a breach of contract claim against Frances and a claim against Ro for exceeding his authority as a mandatary for Frances.

Central Oil leased immovable property from Frances and her deceased husband, Thomas Carter. Ro is the son of Thomas and Frances. Central Oil alleged on or about May 10, 2021, the parties began negotiating for the buying/selling of the leased immovable property. Central Oil argues that on July 28, 2021, Ro made an offer by email to Central Oil that Central Oil accepted.

Central Oil further alleged that Ro later advised Central Oil they did not have a deal and that the property was instead being sold to a third party for a higher price.

The Carters filed the pending Motion for Summary Judgment, maintaining Ro never had any type of power of attorney or mandate from Frances to sell the property[1] and that Frances never accepted Central Oil's offer to purchase the property. Ro also declared that he was not authorized to accept an offer on his mother's behalf and that he was merely advising Frances.[2]

## II.     LAW AND ANALYSIS

### A.     Standard of Review

Summary judgment shall [be] grant[ed] … if the movant shows that there is no genuine dispute as to any material fact, and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(A). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in this case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id*.

If the moving party can meet the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994). The nonmoving party must show more than some metaphysical doubt as to the material facts. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In evaluating the evidence tendered by the parties, the Court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor.

In deciding unopposed summary judgment motions, the Fifth Circuit has noted that a motion for summary judgment cannot be granted simply because there was no opposition. *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 fn.3 (5th Cir. 1995). The movant has the burden to

---

[1] Declaration of Frances Suzanne Saunders Carter [Doc. No. 15-3].
[2] Declaration of Thomas Roland Carter II [Doc. No. 15-4].

establish the absence of a genuine issue of material fact and, unless it has done so, the court may not grant the motion, irrespective of whether any response was filed. *Powell v. Delaney*, 2001 WL 1910556, at 5-6 (W.D. Tex. June 14, 2001). Nevertheless, if no response to the motion for summary judgment has been filed, the court may find as undisputed the statement of facts in the motion for summary judgment. *Id*. at 1 and n.2; see also *Thompson v. Eason*, 258 F. Supp. 2d 508, 515 (N.D. Tex. 2003) (where no opposition is filed, the nonmovant's unsworn pleadings are not competent summary judgment evidence and movant's evidence may be accepted as undisputed). See also: *UNUM Life Ins. Co. of America v. Long*, 227 F. Supp. 2d 609 (N.D. Tex. 2002) ("Although the court may not enter a 'default' summary judgment, it may accept evidence submitted by [movant] as undisputed."); *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex.) ("A summary judgment nonmovant who does not respond to the motion is relegated to his unsworn pleadings, which do not constitute summary judgment evidence.").

The court has no obligation to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994).

**B. Analysis**

Central Oil sets forth two causes of action in its Petition. The first is a breach of contract claim seeking specific performance against Frances based upon an alleged purchase agreement, and the second is an alternative claim against Ro for allegedly exceeding his authority as mandatary for Frances.

The uncontested declarations of Frances and Ro confirm that Ro never had any type of power of attorney from Frances to bind her to a contract to sell immovable property, and Ro was only advising and assisting Frances in the negotiations. In dealing with immovable property, all

documents related to the sale, lease, or other encumbrance must be in writing and explicit.[3] Additionally, a mandate with regard to immovable property is required to be in writing.[4] The declarations of the Carters show there was never any written (or oral) power of attorney authorizing Ro to negotiate on behalf of Frances. Therefore, Frances is entitled to summary judgment. Additionally, there is uncontested evidence confirming that Ro was never authorized to negotiate on behalf of Frances, and he never claimed he did. Therefore, Ro is also entitled to summary judgment.

### III. CONCLUSION

For the reasons set forth herein, the Motion for Summary Judgment [Doc. No. 15] filed by the Carters is **GRANTED**.

**MONROE, LOUISIANA**, this 3rd day of August 2022.

_____
**TERRY A. DOUGHTY**
**UNITED STATES DISTRICT JUDGE**

---

[3] La. Civ. Code Art. 1839
[4] La. Civ. Code Art. 2993

4